IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| N.R.S., | : |
| | : |
|     Petitioner, | : |
| | : |
| v. | :   Case No. 4:25-cv-399-CDL-AGH |
| | :         28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, | : |
| | : |
|     Respondents. | : |

## ORDER

Petitioner is a detainee at the Stewart Detention Center awaiting removal proceedings. Petitioner seeks habeas corpus relief based on Respondents' refusal to provide Petitioner with a bond hearing and the opportunity for pre-removal release while the removal proceedings are pending. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(1) and/or 8 U.S.C. § 1225(b)(2).

The Court reviewed Petitioner's application. The Court finds that Petitioner is currently detained under 8 U.S.C. § 1226(a) and therefore not subject to mandatory detention as required by 8 U.S.C. § 1225(b)(2).[1] *See J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025); *P.R.S. v. Streeval*, No. 4:25-CV-

---

[1] To the extent that the parties make arguments based on a belief that Petitioner is a member of the "Bond Eligible Class" certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), any membership in that class has no effect on the Court's decision for several reasons. First, only the named petitioners sought habeas relief in *Maldonado Bautista*. Second, the named petitioners did not seek nationwide habeas relief. Third, in granting declaratory relief, the California District Court correctly noted that habeas relief could only be afforded to class members who were located within the boundaries of the Central District of California. *Id.* at *14 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 446 (2004) for the proposition that "habeas jurisdiction lie[s] 'in only one district: the district of confinement'").

330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025). Accordingly, Petitioner's application for habeas corpus relief is granted to the extent that Respondents shall provide Petitioner with a bond hearing to determine if the Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations. *See* 8 C.F.R. §§ 236.1 & 1236.1.[2, 3]

IT IS SO ORDERED, this 5th day of January, 2026.

                                                s/Clay D. Land  
                                                CLAY D. LAND  
                                                U.S. DISTRICT COURT JUDGE  
                                                MIDDLE DISTRICT OF GEORGIA

---

[2] Respondents filed a motion to dismiss the habeas petition but later partially withdrew the motion. The part of the motion not withdrawn seeks dismissal on grounds that the Court rejected in *J.A.M.* and *P.R.S.* The present motion to dismiss is denied for the reasons set forth in *J.A.M.* and *P.R.S.*

[3] The brevity of this order is appropriate given that the issue presented is exactly the same as the issue previously decided on numerous occasions by the Court and yet Respondents insist upon denying the relief that the Court has found is required.